NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES WHITE & JEAN WHITE, | No. 24-7868 |
| Plaintiffs-Appellants, | D.C. No. 2:22-cv-00133-ART-BNW |
| v. | |
| PRESTIGE DEFAULT SERVICES, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Submitted January 5, 2026**
Phoenix, Arizona

Before: HAWKINS, RAWLINSON, & M. SMITH, JR., Circuit Judges.

James White and Jean White (together, Plaintiffs-Appellants) appeal from

the district court's order granting Defendant-Appellee's motion to dismiss, and the

order granting in part and denying in part Plaintiffs-Appellants' motion for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reconsideration. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

In 2019, Plaintiffs-Appellants executed a promissory note with Pinnacle Lending Group, Inc. to purchase a Las Vegas property. The promissory note was secured by a deed of trust with Premium Title as the Trustee. On July 7, 2021, a Substitution of Trustee (SOT) was executed, substituting Prestige Default Services, LLC (Prestige) as the Trustee. On July 14, 2021, Prestige executed a Notice of Breach and Default and of Election to Cause Sell [sic] of Real Property Under Deed of Trust (NOD). When the NOD was executed, Premium Title was still the trustee under the Deed of Trust because the SOT had not been recorded. On July 15, 2021, the SOT was recorded as Instrument # "20210715-0002078." That same day, the NOD was recorded as Instrument # "20210715-0002079." Prestige subsequently sold the property at a Trustee's Sale. Plaintiffs-Appellants now argue that the foreclosure sale was invalid, as Prestige did not comply with the governing statutes. Specifically, Plaintiffs-Appellants assert that Prestige exercised a right of a trustee—*i.e.*, signing the NOD—before the SOT was recorded.

Plaintiffs-Appellants ultimately filed a third amended complaint (TAC). For the purposes of this appeal, the relevant claims allege violations of Nevada Revised

Statutes (NRS) 107.028[1] and 107.080.[2]

Prestige filed a motion to dismiss the TAC, which the district court granted on the basis that Prestige "substantially complied with NRS 107.080."

Plaintiffs-Appellants filed a motion to reconsider, which the district court granted in part and denied in part. The district court "modifie[d] the justification for dismissal of this claim [for violation of NRS 108.028] but [did] not change the result." The district court found that Prestige fully complied with NRS 107.028[3] and that there was thus no need to address "whether such a non-prejudicial error would amount to substantial compliance under NRS [107.080]."[4]

---

[1] NRS 107.028 provides, in relevant part: "The appointment of a new trustee is not effective until the substitution of trustee is recorded in the office of the recorder of the county in which the real property is located." Nev. Rev. Stat. 107.028(5).

[2] NRS 107.080 provides, in relevant part: "The power of sale must not be exercised, however, until . . . the trustee first executes and causes to be recorded in the office of the recorder . . . a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation." Nev. Rev. Stat. 107.080(2)(b). The statute also provides: "Except as otherwise provided in subsection 7, a sale made pursuant to this section must be declared void by any court of competent jurisdiction in the county where the sale took place if: (a) The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section . . ." Nev. Rev. Stat. 107.080(5)(a).

[3] In its previous order, the district court found substantial compliance.

[4] The district court also concluded that, because it denied Plaintiffs-Appellants' "motion to reconsider its decision as to dismissal on other grounds, amendment to cure the standing issue would be futile." We proceed under the assumption that Plaintiffs-Appellants have standing to bring the present action.

**1.** "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Anderson v. Intel Corp. Inv. Pol'y Comm.*, 137 F.4th 1015, 1020 (9th Cir. 2025) (internal quotation marks omitted).

The district court did not err in granting the motion to dismiss, *see id.*, because the district court correctly found that there was full compliance with the requirements of NRS 107.028. As required by the statute, the SOT was recorded and, therefore, effective. *See* Nev. Rev. Stat. 107.028(5)(a). Prestige also complied with the requirements of NRS 107.080. The statute was not violated when Prestige executed the NOD one day before the SOT was recorded, given that the NOD was not effective until executed *and* recorded. *See* Nev. Rev. Stat. 107.080(2)(b). Based on the order in which the instruments were recorded, the substitution of trustee was effectuated and Prestige was the Trustee when the NOD was recorded. At that time, Prestige had the power as Trustee to complete the foreclosure sale. *See* Nev. Rev. Stat. 107.028 (5); *see also* Nev. Rev. Stat. 107.080(1), (2)(b).

**2.** "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . ." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263

(9th Cir. 1993) (citation omitted).  Because Plaintiffs-Appellants did not establish any of these circumstances, the district court did not abuse its discretion in denying the motion for reconsideration.  *See Novalpina Cap. Partners I GP S.A.R.L v. Read*, 149 F.4th 1092, 1104 (9th Cir. 2025).

**AFFIRMED.**